## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES STATEN,

     **Plaintiff,**

v.

EAST ST. LOUIS POLICE DEPARTMENT,
JAMES MISTER, and ROBERT BETTS

     **Defendants.**                    **Case No. 08-cv-790-DRH**

## ORDER

**HERNDON, Chief Judge:**

On November 17, 2008, the Court issued an Order (Doc. 4), granting plaintiff James Staten's Motion to Proceed In Forma Pauperis, but dismissing the claims in his § 1983 suit without prejudice, allowing Plaintiff leave to file an Amended Complaint by December 18, 2008.[1]  The Court found it necessary for Plaintiff to amend his Complaint because Plaintiff did not correctly name Defendants in the caption of the case nor did he contain allegations properly pleading a cause of action under **42 U.S.C. § 1983** (to show a constitutional violation of Plaintiff's civil rights).  Additionally, the Court noted that Plaintiff's amended allegations should be sufficient to allow the Court to conclude that his claims against the named Defendants are not barred by the doctrine of qualified immunity.

---

[1] The Court also dismissed with prejudice Plaintiff's claims against the East St. Louis Police Department, as it is not an entity subject to a § 1983 suit.

Plaintiff has filed a timely Amended Complaint (Doc. 5), along with a Motion for Service of Process at Government Expense (Doc. 6). Before the Court can order service at the expense of the Government, it must ensure that Plaintiff's Amended Complaint meets the pleading requirements as set forth by the Court's prior Order (Doc. 4), allowing leave to amend. Examining the Amended Complaint (Doc. 5), the Court again observes that Plaintiff has failed to put a proper caption heading at the beginning, although he include a proper caption on his Motion for Service (Doc. 6), in which it appears he only brings suit against defendant Robert Betts. However, from the allegations of the Amended Complaint, it is unclear as to whether Plaintiff is only bringing a claim against Mr. Betts or whether he also brings claims against Chief Mister or even Detective Williams. Again, Plaintiff fails to specify whether the Defendant(s) are being sued in an individual or official capacity or both. Further, in his Amended Complaint, it appears Plaintiff attempts to bring a claim for false arrest (as noted when examining Plaintiff's initial Complaint). However, as with his initial Complaint, Plaintiff's Amended Complaint again fails to allege in sufficient detail that a lack of probable cause existed for his false arrest (*see* Doc. 4, p. 4).

Realizing Plaintiff is acting *pro se*, and given the liberal standards entitled to *pro se* litigants, the Court will once again **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against the remaining Defendants and allow Plaintiff leave to file a Second Amended Complaint, in attempt to correct the pleading deficiencies as noted herein and in the Court's November 17, 2008 Order (Doc. 4). Plaintiff shall file his **Second Amended Complaint** by **Friday, January 16, 2009**.

Accordingly, the Court will **DEFER** its ruling on Plaintiff's Motion for Service of Process at Government Expense (Doc. 6), until such time that it finds Plaintiff's Complaint to be adequate to survive a threshold review or until it dismisses Plaintiff's case without leave to amend. Should Plaintiff fail to timely file his Second Amended Complaint or a motion for extension of time to file, this dismissal will become with prejudice.

      **IT IS SO ORDERED.**

      Signed this 16th day of December, 2008.


                  /s/       David R Herndon

                  **Chief Judge**
                  **United States District Court**